Frank A. Gulotta, J.
This is a motion to dismiss the cross complaint of the City of Long Beach against the abutting property owner as insufficient in law.
*280 This brings up for review the meaning and scope of Local Law No. 1 of 1931 of the city, now called section 256 of the City Charter of 1953, which reads as follows: ‘ ‘ Section 1. The owner or occupant of lands fronting or abutting on any street, highway, traveled road, public lane, alley or square, shall make, maintain and repair the sidewalk adjoining his lands and shall keep such sidewalk and the gutter free and clear of and from snow, ice and all other obstructions. Such owner or occupant and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk, or to remove snow, ice or other obstructions therefrom, or for a violation or non-observance of the ordinances relating to making, maintaining and repairing sidewalks and the removal of snow, ice and other obstructions from sidewalks, curbstones and gutters.”
It wiE be noted that the first part of this ordinance uses only the terms “sidewalk” and “gutter”, requiring the abutting owner to repair the former and to remove snow, ice and obstructions from both. In the last part however, in deaEng with the imposition of Eability for failure to perform the enjoined duties, repairing is stiE confined to “ sidewalks ”, but “ curbstones ” have been added to the clearing provision. This to my mind, reflects a clear intention to exclude ‘ ‘ curbstones ’ ’ from the designation “sidewalks” and from the concomitant duty to repair same.
This is especially so in the light of City of Rochester v. Campbell (123 N. Y. 405) which set the pattern of exclusive municipality responsibility in this State, based on the fact that the municipality is in control of the sidewalk. Under famfiiar rules of statutory construction, this imposes a duty of strict construction on an ordinance which has the effect of shifting ultimate liability from the city to the property owner.
However Karom v. Altarac (3 A D 2d 925) wherein this very provision was considered, indirectly at least seems to have foreclosed discussion along these lines, when it held an abutting owner Eable to an injured party in a case involving ‘ ‘ a defective curbing in a sidewalk ”. The basis for a claim over is precisely the same as the basis for a direct claim since they both depend on the ordinance, and while the opinion in the case is chiefly concerned with the vaEdity of ordinance as a whole, it necessarily must have decided that a defective curbing was part of the sidewalk, within the meaning of the ordinance, or there would have been no warrant for holding the defendant Eable.
Under the circumstances, this decision must be foEowed. Motion denied.