■ LAMP POST RESTAURANT, INC., et al., Appellants, v. GREATER ISLAND COMMERCIAL CORP. et al., Respondents. (Action No. 1.) GREATER ISLAND COMMERCIAL CORP. et al., Respondents, v. LAMP POST RESTAURANT, INC., Appellant. (Action No. 2.) — In action No. 1, plaintiffs, Lamp Post Restaurant, Inc. and Peter Patras, appeal from an order of Supreme Court, Nassau County, dated September 24, 1971, which denied their renewed motion for a preliminary injunction to restrain the enforcement of certain claims held by defendants. In action No. 2, defendant Lamp Post Restaurant, Inc., appeals from a further order of the same court, also dated September 24, 1971, which denied its motion to stay enforcement of a cognovit judgment entered against it by plaintiff, Greater Island Commercial Corp., pending a hearing and determination as to the validity of the judgment and the amount owing thereon and pending the outcome of action No. 1. Orders reversed, with one bill of $10 costs and disbursements to appellants against respondents; motions granted; and cases remanded to the Special Term for entry of an appropriate order fixing the terms of the preliminary injunction and stay. Action No. 1 was commenced by Lamp Post Restaurant, Inc., and Peter Patras to declare void certain promissory notes and collateral executed by them in favor of defendants. Action No. 2 was commenced by Lamp Post Restaurant, Inc., though styled therein as the defendant, to test the validity of the cognovit judgment entered against it. The notes, collaterals and judgment were predicated on a loan alleged to be invalid for usury that did not appear in the terms of the transaction. The preliminary injunctions were sought to restrain foreclosure which, it was claimed, would destroy the going enterprise known as Lamp Post Restaurant. "A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual" (CPLR 6301). Accordingly, it was an improvident exercise of discretion at the Special Term to deny the relief requested. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ RAE L. McCORD, Respondent, v. VILLAGE OF WALDEN, Appellant.— In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Orange County, entered September 1, 1971, which denied its motion to dismiss the complaint. Order reversed, on the law, without costs, and motion granted. The complaint alleges that the defendant village negligently permitted the accumulation of snow and ice upon which plaintiff slipped. The absence of an allegation of active negligence on the part of the village required plaintiff to comply with section 341-a of the Village Law. That section provides that "No civil action shall be maintained against the village for damages or injuries to person or property * * * sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice * * * of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice * * * to cause the snow or ice to be removed, or the place otherwise made reasonably safe." Compliance with this section must be alleged (*MacMullen* v. *City of Middletown*, 187 N. Y. 37). Plaintiff's failure to do so renders the complaint fatally defective. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.