RUTH COLSON et al., Appellants, v. JOSEPH E. WOOD REALTY Co., INC., et al., Respondents.

Third Department, November 9, 1972.

*Robert P. Best* for appellants.

*Borst, Smith, O'Loughlin, Smith & Abbey* (*H. Richard Lewis* of counsel), for Joseph E. Wood Realty Co., Inc., respondent.

*Charles W. Jenkins* for Sears, Roebuck and Co., respondent.

REYNOLDS, J. This is an appeal from a judgment of the County Court, Fulton County, entered upon an order at Trial Term granting defendants' motion to dismiss the complaint at the close of the plaintiffs' evidence.

On the evening of December 14, 1964 appellant, Ruth Colson, allegedly stepped into a hole in the curb at the corner of Arlington Avenue and Fulton Street in the City of Gloversville, New

York, fell and broke her right elbow. At this corner is a Sears, Roebuck store located on land owned by the respondent Joseph E. Wood Realty Co. Appellants urge here that a triable issue of fact had been presented as to the negligence of the respondents which should have gone to the jury. We cannot agree.

It is well settled "that the owner or occupant of land abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the sidewalk in a safe condition." (Ann. 88 ALR 2d 331, 340; see, also, *Roark* v. *Hunting*, 24 N Y 2d 470; *City of Rochester* v. *Campbell*, 123 N. Y. 405.) There are recognized exceptions to this rule, for example where the sidewalk was used for a special purpose (*Bogart* v. *Woolworth Co.*, 31 A D 2d 685, revd. 24 N Y 2d 936; *Ryan* v. *Albany Housing Auth.*, 25 A D 2d 792; *Braithwaite* v. *Grand Union Co.*, 22 A D 2d 941), where the abutting owners' or occupants' activities or actions create a dangerous condition on the sidewalk, where the abutting owners negligently construct (*Daly* v. *Rector*, *etc., Trinity Church, City of New York*, 188 App. Div. 280; Ann. 88 ALR 2d 331, 365) or repair the sidewalk (*Malenfont* v. *Hyman*, 5 A D 2d 922, mot. for lv. to app. den. 4 N Y 2d 676; *Neiberg* v. *Remsenburg Realty Corp.*, 1 A D 2d 1043) or where a statute, ordinance, or municipal charter expressly imposes tort liability upon the abutting owners for injuries caused by their negligent maintenance (*City of Rochester* v. *Campbell*, 123 N. Y. 405, *supra*; *Willis* v. *Parker*, 225 N. Y. 159; *Karom* v. *Altarac*, 3 A D 2d 925), but none of these exceptions are applicable on the facts present in the instant case.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., SWEENEY, SIMONS and KANE, JJ., concur.

Judgment affirmed, with costs.