■ ANNE JACQUES et al., Respondents, v. ANNA E. MARATSKEY, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered September 14, 1972 in Columbia County, which denied defendant's motion to dismiss the complaint on the ground that it failed to state a cause of action. Respondents seek to recover damages resulting from a fall upon the sidewalk located in front of and abutting appellant's property located in the City of Hudson, New York. Section 327 of the Charter of the City of Hudson (L. 1921, ch. 669) provides as follows: " § 327. Duty of owners as to sidewalks. It shall in all cases, be the duty of the owner of every lot or piece of land in said city to keep his sidewalks adjoining his lot or piece of land in good repair, and to remove and clean away all snow and ice and other obstruction from such sidewalk." Such a provision is merely regulatory in nature and does not impose tort liability upon an abutting owner (cf. *Haney* v. *First Nat. Stores,* 31 A D 2d 547; *Van Slyke* v. *New York Cent. R. R. Co.,* 21 A D 2d 147; *Pryga* v. *Will,* 275 App. Div. 52). If tort liability is to be imposed upon an abutting owner, it must be unequivocally set forth in the express words of a statute, charter or ordinance (*Willis* v. *Parker,* 225 N. Y. 159; *Colson* v. *Wood Realty Co.,* 39 A D 2d 511; *Karom* v. *Altarac,* 208 Misc. 919, revd. 3 A D 2d 925). Accordingly, the complaint herein does not state a cause of action against this appellant, and the motion to dismiss it should have been granted (CPLR 3211, subd. [a], par. 7). Order reversed, on the law and the facts, and complaint dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.