■ BETTY BLAIS et al., Appellants, v ST. MARY'S OF THE ASSUMPTION ROMAN CATHOLIC CHURCH OF WATERFORD, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered September 15, 1981 in Saratoga County, which granted defendant St. Mary's of the Assumption Roman Catholic Church's motion for summary judgment dismissing the complaint, but without prejudice to plaintiffs repleading as against this defendant. Plaintiff Betty Blais was injured when she allegedly fell on a sidewalk located immediately in front of St. Mary's Church and near the intersection of Broad Street and Sixth Street in the Village of Waterford, New York. She and her husband brought suit against both the village and St. Mary's, the abutting property owner. Both defendants moved for summary judgment. The village contended that it never received prior notice of any defect in the sidewalk as required by section 6-628 of the Village Law. St. Mary's maintained that plaintiff fell on a public sidewalk, which it had no duty to repair or maintain. Plaintiffs cross-moved for an order compelling St. Mary's to accept an amended complaint which added an allegation that it was responsible for the sidewalk's construction. Defendant's motions were granted and plaintiffs' was denied. Plaintiffs' appeal, as limited by their brief, is directed only at that part of Special Term's order granting St. Mary's summary judgment. We affirm. Plaintiffs failed to furnish any evidentiary proof contravening defendants' showing that the site of the fall was a public sidewalk or demonstrating that St. Mary's had any role in the sidewalk's construction or maintenance. The mere fact that it owned the abutting property, without more, is insufficient to cast it in liability (*Colson v Wood Realty Co.,* 39 AD2d 511). Furthermore, even if St. Mary's had constructed the sidewalk, liability for any defects would rest upon the village if, as is the case here, the village permitted it to be used for public travel (*Saulsbury v Village of Ithaca,* 94 NY 27). There being no material triable fact issue, summary judgment was properly granted (see *Zuckerman v City of New York,* 49 NY2d 557, 562). Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.