■ HELEN PALAZZO, Appellant, v S.P.H.E. REAL ESTATE, INC., et al., Respondents. — Appeals (1) from an order and judgment of the Supreme Court at Special Term (Cobb, J.), entered June 8, 1983 in Ulster County, which granted the motion of defendant Village of New Paltz to dismiss the complaint against it, and (2) from an order and judgment of the Supreme Court at Special Term (Klein, J.), entered April 26, 1984 in Ulster County, which granted the motion of defendant S.P.H.E. Real Estate, Inc., for summary judgment dismissing the complaint against it.

Plaintiff sustained her injuries as the result of a fall on ice and/or packed snow which was allegedly permitted to accumulate on a public sidewalk in front of premises owned by defendant S.P.H.E. Real Estate, Inc. She attempted to impose liability on defendant Village of New Paltz by virtue of its failure to remove the condition (see *City of Rochester v Campbell,* 123 NY 405). As to defendant village, however, the complaint fails to allege compliance with CPLR 9804, requiring prior written notice of the condition or that the condition was caused by the affirmative negligence of defendant village. Accordingly, the complaint was insufficient as to defendant village and properly dismissed by Special Term (*Drzewiecki v City of Buffalo,* 51 AD2d 870; *McCord v Village of Walden,* 38 AD2d 741).

As to the corporate defendant, we agree with Special Term that this is a "classic public sidewalk case". It is uncontested that the sidewalk is a public one, rather than private. Although the village charter requires an abutting owner to clear the sidewalk of snow and ice, it does not impose liability on the owner for injuries caused by the failure to do so. The record contains no proof that the snow and ice upon which plaintiff

slipped accumulated on the sidewalk other than by natural means. Under these circumstances, the corporate defendant is not liable for plaintiff's injuries (see *Roark v Hunting,* 24 NY2d 470, 475).

Orders and judgments affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.