■ WILLIAM J. KIERNAN et al., Appellants, v GLORIA THOMPSON, Respondent, et al., Defendant.—Mercure, J. Appeal (1) from an order of the Supreme Court (Swartwood, J.), entered December 16, 1986 in Tompkins County, which, *inter alia,* granted defendant Gloria Thompson's motion for summary judgment dismissing the complaint and amended complaint against her, and (2) from the judgment entered thereon.

On April 29, 1985, plaintiff Theresa Kiernan (hereinafter plaintiff) was walking along the sidewalk directly in front of premises owned by defendant Gloria Thompson on the east side of South Albany Street in the City of Ithaca, Tompkins County. Plaintiffs allege that the cracked and broken sidewalk had been in a dangerous, defective and unsafe condition for a long period of time. The sidewalk's deteriorated condition allegedly caused plaintiff to fall into or trip upon a jagged crack several inches wide and deep. When she landed on the ground and/or sidewalk, plaintiff sustained a fractured right elbow and right arm, bruises, contusions and other serious and permanent injuries.

Plaintiffs commenced this action against Thompson and defendant City of Ithaca, alleging that both defendants were negligent in failing to maintain the sidewalk in a safe condition. The city moved for summary judgment dismissing the claim against it upon the ground that it was not provided with prior written notice of the sidewalk defect, which motion was granted by Supreme Court. Upon appeal, this court reversed, holding that the proposed amended complaint asserted a cause of action based upon the affirmative negligence of the city in creating the unsafe condition of the sidewalk by removing a tree stump on December 7, 1982 and, accordingly, the failure to give the prior written notice mandated by local law did not require dismissal *(see, Kiernan v Thompson,* 134 AD2d 27).

Thompson moved for an order granting summary judgment dismissing the complaint as to her, and plaintiffs cross-moved for leave to amend the complaint so as to allege that the city's removal of the same tree stump conferred a special benefit upon her. Supreme Court granted plaintiffs' cross motion to amend the complaint and also granted Thompson's motion for

summary judgment dismissing the complaint as amended. This appeal ensued.

We affirm. It is well settled that an owner of land abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the sidewalk in a safe condition *(City of Rochester v Campbell,* 123 NY 405; *Lodato v Town of Oyster Bay,* 68 AD2d 904; 4C Warren, Negligence in the New York Courts, Sidewalks, § 4, at 188 [3d ed]). Plaintiffs assert that Ithaca City Charter § 5.27 (2), which provides that landowners shall maintain sidewalks in a safe state of repair and free from defects, imposes liability upon Thompson. We disagree. In order for a statute, ordinance or municipal charter to impose tort liability upon abutting owners for injuries caused by their negligent conduct, the language thereof must not only charge the landowner with a duty but must also specifically state that if the landowner breaches such duty he will be liable to those who are injured for any defects in the sidewalk *(Jacques v Maratskey,* 41 AD2d 883; *Beltzer v City of Long Beach,* 24 Misc 2d 279, *affd* 15 AD2d 789; *cf., Willis v Parker,* 225 NY 159). No such language is contained in the subject charter.

Plaintiffs' remaining argument, that the removal of a tree stump from the area in front of Thompson's property some years prior to the subject accident conferred a special benefit upon the premises, is equally unavailing. Although the use of a sidewalk for a special purpose may impose liability upon an abutting owner *(see, Colson v Wood Realty Co.,* 39 AD2d 511), and an owner may be liable where he fails to maintain in a reasonably safe condition a sidewalk which is constructed in a special manner for his benefit *(Clifford v Dam,* 81 NY 52), the removal of the stump herein conferred no special benefit. Before liability can be imposed, the sidewalk must be constructed in a special manner *(see, e.g., Trustees of Vil. of Canandaigua v Foster,* 156 NY 354 [grate in the sidewalk]; *Smith v Barbaro,* 63 AD2d 804 [valve stem of the water service]; *Nickelsburg v City of New York,* 263 App Div 625 [hoistway adjacent to apartment house with bars imbedded in sidewalk]). There is no allegation of any such construction here.

Inasmuch as there were no questions of fact, Supreme Court properly granted summary judgment dismissing the complaint against Thompson.

Order and judgment affirmed, with costs. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.