■ JUDITH APPIO et al., Respondents, v CITY OF ALBANY, Defendant, and WILLIAM H. DECKER et al., Appellants.—Casey, J. Appeal from that part of an order of the Supreme Court (McDermott, J.), entered July 13, 1987 in Albany County, which, *inter alia,* denied a motion by defendants William H. Decker and Decker's Plumbing and Heating, Inc. for summary judgment dismissing the complaint against them.

Defendants William H. Decker and Decker's Plumbing and Heating, Inc. (hereinafter defendants), the owner and lessee of property on Washington Avenue in defendant City of Albany, contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint against them which seeks to recover damages as a result of a fall by plaintiff Judith Appio on the public sidewalk in front of defendants' property. We agree.

The well-settled general principle of law applicable in cases such as this precludes the imposition of liability on the owner or occupier of property solely by reason of his being an abutter to the public sidewalk where the injury occurred *(Kiernan v Thompson,* 137 AD2d 957, 958; *Blais v St. Mary's*

*of Assumption R. C. Church,* 89 AD2d 653; *Colson v Wood Realty Co.,* 39 AD2d 511, 512). The principle finds its roots in the absence of any common-law duty to repair or maintain a public sidewalk owed to the public by the abutting property owner or occupier *(see, City of Rochester v Campbell,* 123 NY 405). There is, however, an exception to the general principle where a statute, ordinance or municipal charter imposes liability upon abutting owners or occupiers for injuries caused by their negligent maintenance of the public sidewalk *(see, Colson v Wood Realty Co., supra).* In order to create such liability, however, the language of the statute, ordinance or charter must not only charge the abutting owner or occupier with a duty to maintain the public sidewalk, but it must also specifically state that a breach of that duty will result in liability to those who are injured by defects in the sidewalk *(Kiernan v Thompson, supra).* The ordinance herein contains no such language.

An exception to the general principle has also been recognized where the abutting owner or occupier uses the sidewalk for a special purpose; however, before liability can be imposed for negligent maintenance under this exception, it must be established that the sidewalk was constructed in a special manner for the benefit of the abutting owner or occupier *(supra; see, Santorelli v City of New York,* 77 AD2d 825). There is no evidence of any such construction here. Another relevant exception has been recognized where the activities of the abutting owner or occupier created the dangerous condition which caused the injuries *(see, Colson v Wood Realty Co., supra).* Plaintiffs, however, have submitted no evidentiary proof in admissible form that defendants' use of the sidewalk caused or contributed to the allegedly defective condition which resulted in plaintiffs' injuries. Accordingly, defendants' motion for summary judgment dismissing the complaint against them should be granted.

Order modified, on the law, with costs, by reversing so much thereof as denied the motion of defendants William H. Decker and Decker's Plumbing and Heating, Inc., for summary judgment dismissing the complaint against them; motion granted and complaint dismissed against said defendants; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.