■ GARY STEWART, Respondent, v TOWN OF WATERFORD et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Simone, Jr., J.), entered November 29, 1988 in Saratoga County, which denied defendants' motions for summary judgment dismissing the complaint and all cross claims asserted against them.

Plaintiff commenced this action to recover for injuries he sustained when the bicycle he was riding struck a defective portion of a public sidewalk adjacent to a residence owned by defendants Donald Klingbeil and Carolyn Klingbeil at 44 Clifton Street in defendant Town of Waterford, Saratoga County. The complaint does not allege the ownership of the sidewalk or that the town was given written notice of the defect *(see,* Town Law § 65-a [2]), but, rather, asserts that the

defect existed for such a period of time that defendants had or should have had actual knowledge of it. The Klingbeils and the town brought separate motions for summary judgment dismissing the complaint and all cross claims asserted against them. Supreme Court denied the motions and defendants appeal. Because, in our view, there were no triable issues of fact presented with regard to defendants' duty to repair the sidewalk, we reverse.

It is a well-settled principle of law that liability will not be imposed upon a landowner solely by reason of his being an abutter to the public sidewalk where the injury occurred *(see, Appio v City of Albany,* 144 AD2d 869; *Kiernan v Thompson,* 137 AD2d 957, 958).* However, liability will be imposed where it is shown that the sidewalk was constructed in a special manner for the benefit of the abutting owner *(see, supra),* when the abutting owner affirmatively caused the defect *(see, Colson v Wood Realty Co.,* 39 AD2d 511, 512) or negligently constructed or repaired the sidewalk *(see, supra* at 512), or where a statute, ordinance or municipal charter specifically charges an abutting landowner with a duty to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability *(see, Kiernan v Thompson, supra).*

In support of their motion for summary judgment, the Klingbeils came forward with the affidavit of a licensed land surveyor setting forth his opinion that the sidewalk was not owned by the Klingbeils, but, rather, fell within the municipal right-of-way. The surveyor affirmatively stated that his research disclosed no municipal ordinances in the town requiring an abutting landowner to maintain public sidewalks or imposing liability for failure to do so. Additionally, the Klingbeils presented their own affidavits and deposition testimony where they deny having constructed, repaired, maintained or otherwise altered the sidewalk, and it is clear from the record that the sidewalk was not constructed in a special manner. Plaintiff came forward with no competent proof to controvert this showing *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Furthermore, there is no support in the record for plaintiff's contention that the location of a downspout within a few feet of the sidewalk caused or contributed to the defective condition.

Turning to the town's motion, we note that Town Law § 65-a (2) provides in pertinent part that "[n]o civil action shall be maintained against any town * * * by reason of any defect in its sidewalks * * * unless written notice thereof, specifying the particular place, was actually given to the town clerk or to

the town superintendent of highways". The town has presented the affidavits of its clerk and Superintendent of Highways denying receipt of any such notice, and plaintiff has presented no contrary proof. Failure to establish that notice was given in accordance with the statute is fatal where, as here, there is no proof that the town was affirmatively negligent (see, Goldston v Town of Babylon, 145 AD2d 534, 535).

Order reversed, on the law, without costs, motions for summary judgment granted and complaint dismissed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.