■ MARY T. BRADY, Respondent, v ROBERT MALONEY, Appellant, and CITY OF COHOES, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (McDermott, J.), entered September 7, 1989 in Albany County, which, inter alia, denied defendant Robert Maloney's motion for summary judgment dismissing all claims against him.

On October 13, 1986 at approximately 7:45 P.M., plaintiff tripped and fell over a raised panel of a sidewalk in the City of Cohoes, Albany County, sustaining personal injuries for which she seeks damages in this action. Defendant Robert Maloney, who owned the premises at 45 Congress Street in

the city, moved for summary judgment on the basis that he, as an abutting landowner, neither owned, specially used, nor affirmatively and negligently impacted upon the sidewalk, and accordingly, was not responsible for any dangerous condition. Plaintiff contends that not only did Maloney own the sidewalk,* but that he controlled, repaired and maintained it. In addition, plaintiff argues that Maloney created the condition which caused the defect giving rise to her accident. Supreme Court denied Maloney's motion for summary judgment. This appeal ensued.

It is well settled that an owner or occupier of property will not be liable solely because his property abuts a public sidewalk where an injury occurred *(Appio v City of Albany,* 144 AD2d 869; *Kiernan v Thompson,* 137 AD2d 957). There are, however, certain circumstances under which exceptions to the rule result in the imposition of liability upon an abutting owner. For example, liability may result should a plaintiff be able to prove at trial that the defendant actually created the defect in the sidewalk which caused the accident *(Forelli v Rugino,* 139 AD2d 489; *see, Tremblay v Harmony Mills,* 171 NY 598, 601), where it is shown that the sidewalk was constructed in a special manner for the benefit of the abutting owner *(Appio v Forelli, supra,* at 870; *Santorelli v City of New York,* 77 AD2d 825), where the abutting owner negligently constructed or repaired the sidewalk *(Colson v Wood Realty Co.,* 39 AD2d 511), or where a statute, ordinance or municipal charter specifically charges an abutting landowner with a duty to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability *(Stewart v Town of Waterford,* 152 AD2d 837).

These principles in mind, our examination of the record discloses that plaintiff has set forth in evidentiary form sufficient evidence to demonstrate the existence of material factual issues which preclude summary judgment *(see, Andre v Pomeroy,* 35 NY2d 361, 363; *Village of Chatham v Board of Fire Commrs.,* 90 AD2d 860). She has offered the sworn testimony of Maloney showing that he exercised and maintained control of the sidewalk by repair and replacement, by his use of a particular type of snowblower and use of a specific salt substitute, and that, soon after the subject accident, he

---

* We disagree with plaintiff's contention that Maloney's answer admits ownership of the sidewalk. The complaint states that Maloney's property "is adjacent to *and/or* has situated on it, the sidewalk" (emphasis supplied). Plaintiff's bill of particulars states that the sidewalk is "adjacent to and in front of" Maloney's property.

covered the entire sidewalk with blacktop. It further appears that the gutters and downspout on Maloney's building caused and directed water to flow directly under and across the sidewalk, which, according to an affidavit by the engineer employed by defendant City of Cohoes, would cause deterioration of the former cement sidewalk. This proof has addressed particular causes of defects in the sidewalk *(see, Little v City of Albany,* 154 AD2d 807, 808) and is neither wholly conclusory nor incredible as a matter of law, giving rise to a triable issue of fact as to whether Maloney did indeed create the condition which caused plaintiff to fall *(see, Forelli v Rugino,* 139 AD2d 489, 490, *supra).* Since " 'issue-finding, rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404, quoting *Esteve v Abad,* 271 App Div 725, 727), Supreme Court correctly denied summary judgment to Maloney.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.