■ ANDRE P. DU PONT et al., Appellants-Respondents, v TOWN OF HORSEHEADS, Respondent, and HERBERT BAILEY, Appellant.—Weiss, J. Appeals (1) from an order of the Supreme Court (Swartwood, J.), entered April 25, 1989 in Chemung County, which granted defendant Town of Horseheads' motion for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered October 2, 1989 in Chemung County, which denied defendant Herbert Bailey's motion for summary judgment dismissing the complaint against him.

This is a negligence action to recover damages for personal injuries sustained by plaintiff Bertha M. Du Pont and for loss of consortium by her husband, plaintiff Andre P. Du Pont, as the result of her fall on August 9, 1985 near the end of the driveway on the premises at 224 Overlook Drive in the Town of Horseheads, Chemung County, owned by defendant Herbert Bailey. The town was also named a defendant as owner of the abutting roadway and drainage ditch which ran underneath the driveway. Supreme Court granted summary judgment to the town based on the absence of prior written notice of the defect or dangerous condition and because it had neither caused nor contributed to the creation of the defect. Both plaintiff and Bailey have appealed from this order.

Supreme Court also denied a motion for summary judgment made by Bailey seeking dismissal of the complaint against him on the ground that he neither created nor contributed to the defect which, he alleged, lay entirely within the town's property and was of no special benefit to him. The court held that questions of fact had been raised as to whether Bailey derived a special benefit from the drainage pipe lying underneath his driveway. Bailey has appealed from this order.

Initially, we note that plaintiffs' complaint fails to allege compliance with the prior written notice statute (Town Law §65-a [2]; Local Laws, 1977, No. 1 of Town of Horseheads) in that it does not claim that written notice of the alleged condition was given by anyone or ever received by the town. In such circumstance, the complaint was subject to dismissal against the town (see, Goldston v Town of Babylon, 145 AD2d 534, 535) unless the town had, or should have had, knowledge of such condition (see, Klimek v Town of Ghent, 114 AD2d 614) or itself created the dangerous condition (see, Kiernan v Thompson, 73 NY2d 840, 841-842). The issue therefore distills to whether the papers opposing the town's motion adequately presented a triable issue of fact as to whether the town was guilty of an affirmative act of negligence for which it could be held liable even absent prior written notice (Klimek v Town of Ghent, supra, at 615-616).

Since summary judgment is a drastic remedy and should not be granted if material and triable issues of fact exist (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404), once the moving party has made a prima facie showing of entitlement to summary judgment the burden shifts to the opposing party to produce evidentiary proof in admissible form to establish the existence of such facts which require a trial of the action (see, Alvarez v Prospect Hosp., 68 NY2d 320,

324). Thus, it is imperative that a plaintiff opposing a defendant's motion for summary judgment assemble, lay bare and reveal his proofs in order to show that the allegations in the complaint are real and capable of being established upon a trial *(Di Sabato v Soffes,* 9 AD2d 297, 301). Only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Here, plaintiffs neither submitted papers in opposition to the town's motion nor produced proof which rose to the standard or level sufficient to defeat the motion. Plaintiffs' brief on this appeal does no more than speculate or offer conjecture that the town installed a pipe made of transite which eventually permitted frost heaves that resulted in a hole in Bailey's blacktop driveway *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The affidavit by Bailey's attorney is insufficient to defeat the motion since he also stated only that the then-owner of the premises testified in a deposition that either the town or a private contractor installed the pipe in 1974. Since the Highway Superintendent testified without contradiction that the town never used transite for sluice pipes, we find that summary judgment was properly granted to the town.

We turn next to the appeal by Bailey from the order denying his summary judgment motion. It is now well settled that an owner or occupier of abutting property will not be liable solely because his property abuts a public sidewalk or roadway *(Appio v City of Albany,* 144 AD2d 869; *Kiernan v Thompson,* 137 AD2d 957). Exceptions to this rule pertain where the abutting landowner actually created the defect which caused the accident *(Brady v Maloney,* 161 AD2d 879; *Forelli v Rugino,* 139 AD2d 489) or when it is shown that the sidewalk was constructed in a special manner for the benefit of the abutting owner *(Appio v City of Albany, supra,* at 870; *Santorelli v City of New York,* 77 AD2d 825). Although the so-called sidewalk cases may be factually distinguishable, they are legally analogous to this case *(see, Weiser v City of New York,* 5 AD2d 702, 703, *affd* 7 NY2d 811). There is proof in the record to show that water flowed freely in the drainage ditch and that the sluice pipe would not have been necessary absent Bailey's driveway. It was further contended that the driveway was of special use to Bailey as ingress and egress for both pedestrians and vehicles and that the fall in this case was on the portion used for those purposes. Thus, Supreme Court correctly found the existence of a triable issue of fact as to the

extent of Bailey's special use of the driveway and whether he negligently failed to maintain it in a safe condition *(see, Appio v City of Albany, supra,* at 870).

Orders affirmed, without costs. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.