■ JOSEPH FEZZA, Respondent, v VICTOR ROGERS, Individually and Doing Business as COURTESY MART, et al., Appellants. —Kane, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 28, 1989 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this lawsuit to recover for personal injuries allegedly sustained on February 26, 1987 when he fell on a sidewalk in front of the Courtesy Mart store located on North Allen Street in the City of Albany. The city was named as a defendant along with defendants Victor Rogers and Rick Weseman. Rogers and Weseman were sued individually and as owners doing business as the Courtesy Mart (hereinafter collectively referred to as Courtesy Mart). The gravamen of plaintiff's complaint was that defendants' negligence resulted in an accumulation of snow and ice on the sidewalk where plaintiff subsequently slipped and was injured.

After issue was joined, the city moved for summary judgment arguing, *inter alia,* that it had no prior written notice of the condition alleged to have caused plaintiff's injuries as was required by local law *(see,* Local Laws, 1953, No. 1 of City of Albany § 1). Courtesy Mart moved for summary judgment as well, contending that the city was responsible for the condition of the sidewalk and that plaintiff had failed to submit any proof that Courtesy Mart had created an unsafe condition on

the sidewalk or put it to some special use which resulted in plaintiff's injuries. Supreme Court denied both motions, finding that questions of fact existed as to whether defendants affirmatively created the alleged dangerous condition on the sidewalk. Defendants now appeal.

We turn first to that part of Supreme Court's order which denied the city's motion for summary judgment. In this instance, because no prior written notice of the alleged dangerous condition on the sidewalk was received by the city (see, Local Laws, 1953, No. 1 of City of Albany § 1; *Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917, 918-919), plaintiff had the burden in opposing the motion to demonstrate by proof in admissible form some affirmative negligence by the city (see, *Du Pont v Town of Horseheads*, 163 AD2d 643, 644; see also, *Zuckerman v City of New York*, 49 NY2d 557, 562; *Chadis v Grand Union Co.*, 158 AD2d 443). Plaintiff's theory in this regard was that the city affirmatively plowed snow onto the sidewalk, creating a snowbank which later melted and then froze, creating the dangerous condition that caused plaintiff's injury. However, none of the proof submitted by plaintiff, which included his own affidavit, that of his attorney and a photograph of the sidewalk two days after the incident, even hinted that it was the city who cleared the sidewalk or created the snowbank at issue. The conclusory conjecture by plaintiff's attorney that the photograph of the sidewalk "suggests that snow was shoveled by [the] city" is insufficient to establish the requisite showing of an affirmative negligent act (see, *Du Pont v Town of Horseheads, supra*). Accordingly, the city was entitled to summary judgment.

We now address the remainder of Supreme Court's order which denied Courtesy Mart's motion for summary judgment. An owner of adjoining property is not liable solely because the property abuts a public sidewalk where the injury occurred (see, *Appio v City of Albany*, 144 AD2d 869, 869-870). Liability may inure to the abutting landowner if he creates the dangerous condition which causes the accident or causes the condition to occur because of some special use of the sidewalk (see, *Du Pont v Town of Horseheads, supra*, at 645). In this case, we cannot accept plaintiff's view that questions of fact exist as to whether the sidewalk where plaintiff fell was constructed for a special use by Courtesy Mart or that Courtesy Mart put it to some special use, thereby exposing itself to liability. The record contains no proof thereof and the purely speculative conclusions plaintiff draws from the photograph of the sidewalk are insufficient to establish issues of fact thereon (see,

*Eksouzian v Levenson,* 139 AD2d 690). We take a different view of plaintiff's claim that Courtesy Mart is liable as an abutting landowner because it created a dangerous condition by shoveling snow in such a manner as to allow melting snow to run down the incline on Courtesy Mart's property onto the sidewalk at issue *(see, Forelli v Rugino,* 139 AD2d 489). Because nothing in Courtesy Mart's moving papers denies that it shoveled the snow in this fashion, it has failed to demonstrate entitlement to summary judgment in the first instance *(see,* CPLR 3212 [b]; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967; *Tambaro v City of New York,* 140 AD2d 331, 332). In any event, we agree with Supreme Court that questions of fact exist as to whether Courtesy Mart, as an abutting landowner, negligently created a dangerous condition that caused plaintiff's injuries.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant City of Albany's motion for summary judgment; said motion granted and complaint dismissed against defendant City of Albany; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.