■ DONALD L. BENTLEY, Appellant. v CITY OF AMSTERDAM, Defendant, and GREENHILL CEMETERY ASSOCIATION, Respondent.—Levine, J. Appeals (1) from an order of the Supreme Court (Simone, Jr., J.) in favor of defendant Greenhill Cemetery Association, entered August 31, 1989 in Montgomery County, upon a dismissal of the complaint at the close of plaintiff's case, and (2) from the judgment entered thereon.

Plaintiff was injured in July 1985 when he fell while jogging along a sidewalk located adjacent to and between Church Street in the City of Amsterdam, Montgomery County, and Greenhill Cemetery, owned by defendant Greenhill Cemetery Association (hereinafter defendant). In August 1986, plaintiff commenced this action against defendant City of Amsterdam and defendant, claiming that his injury was caused by a defective condition resulting from their negligence in, *inter alia,* maintaining the sidewalk. Thereafter, for reasons not apparent in the record, plaintiff proceeded to trial against defendant only, where he sought to establish defendant's ownership of the property where the sidewalk is located. At the close of plaintiff's proof, defendant moved to dismiss for failure to make out a prima facie case, contending that the evidence presented was insufficient to establish ownership of the sidewalk where plaintiff fell so as to give rise to a duty of care. Supreme Court granted the motion and this appeal followed.

We affirm. Plaintiff introduced into evidence the two deeds, dated 1858 and 1865, by which defendant's property was acquired. The 1858 deed describes the border of defendant's property which allegedly encompasses the sidewalk as the "southerly side of the highway", referring to Church Street. A land surveyor, John Ferguson, testified as an expert witness that the boundary descriptions contained in both deeds fail to close by a specified distance and that the "southerly side of the highway" description "could mean anything", including "the edge of the carriageway or the edge of the roadway * * *

[or] the edge of the sidewalk [or] any place southerly of the highway". Ferguson explicitly stated that he could not make a determination as to whether defendant owned the land under the sidewalk. Additionally, Stillman Baldwin, a laborer employed by defendant from 1951 to 1986, testified that defendant's employees had done minor maintenance on the sidewalk in the past, but that no such maintenance had been done since 1979. Baldwin further stated that although defendant hired a contractor in 1964 to replace part of the sidewalk with amesite, it did so only after receiving permission from the City.

In our view, the foregoing evidence was insufficient to establish defendant's ownership of the subject property. Not only are the deeds to defendant's property ambiguous, but plaintiff's own expert was unable to conclude that, under their descriptions, the sidewalk was included within defendant's property line. Thus, plaintiff's reliance on the statutory presumption created by RPAPL 301, i.e., that the record title holder of a certain piece of property is in fact the owner of that property (see, Banks v Banks, 121 AD2d 421, 422), is misplaced.

In the absence of proof of ownership, defendant merely has the status of an abutting property owner which, without more, will not cast it in liability (see, Kiernan v Thompson, 137 AD2d 957, 958, affd 73 NY2d 840; Blais v St. Mary's of Assumption R. C. Church, 89 AD2d 653; Colson v Wood Realty Co., 39 AD2d 511, 512). We find unavailing plaintiff's contention that defendant, by performing various acts of maintenance on the sidewalk in the past, undertook a duty to continue doing so in a careful manner. An abutting property owner cannot be held liable for negligent maintenance without a showing, absent here, that the sidewalk was constructed in a special manner for the benefit of such owner (see, Appio v City of Albany, 144 AD2d 869, 870; Santorelli v City of New York, 77 AD2d 825). Moreover, there is no allegation that any acts of maintenance by defendant, last performed in 1979, created the allegedly defective condition which caused plaintiff's injury (see, Appio v City of Albany, supra; Lodato v Town of Oyster Bay, 68 AD2d 904). Accordingly, Supreme Court's dismissal of the complaint against defendant was proper.

Order and judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.