■ ANNA SCHIAVONE, Respondent, v JOHN PALUMBO, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff sustained personal injuries when she fell on a sidewalk in front of a multiple dwelling owned by defendant. Supreme Court erred by denying defendant's motion for summary judgment dismissing plaintiff's complaint. "It is well settled that an owner of land abutting on a public sidewalk does not, solely by reason of being an abutting owner, owe to the public a duty to keep the sidewalk in a safe condition" *(Conlon v Village of Pleasantville,* 146 AD2d 736, 737; *see also, Du Pont v Town of Horseheads,* 163 AD2d 643; *Appio v City of Albany,* 144 AD2d 869; *Kiernan v Thompson,* 137 AD2d 957, 958). There is an exception to the general rule where a statute, ordinance, or charter imposes liability upon adjoining landowners for injuries caused by their negligent maintenance of a public sidewalk. "In order to create such liability, however, the language of the statute, ordinance or charter must not only charge the abutting owner or occupier with a duty to maintain the public sidewalk, but it must also specifically state that a breach of

that duty will result in liability to those who are injured by defects in the sidewalk" *(Appio v City of Albany, supra,* at 870; *Kiernan v Thompson, supra).* There is no such language in the Tonawanda Town Code.

Nor can plaintiff rely upon the "special benefit" exception because, to impose liability under this exception, "it must be established that the sidewalk was constructed in a special manner for the benefit of the abutting owner or occupier" *(Appio v City of Albany, supra,* at 870; *Kiernan v Thompson, supra,* at 958; *Nickelsburg v City of New York,* 263 App Div 625).* No such proof was submitted here.

Section 78 of the Multiple Dwelling Law does not apply here because a "lot", for purposes of the statute, does not include any part of an abutting public street or thoroughfare (Multiple Dwelling Law § 4 [31]), and a public sidewalk "must be viewed as part of the street" *(Donnelly v Village of Perry,* 88 AD2d 764, 765). (Appeal from Order of Supreme Court, Erie County, McGowan, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.