■ RAYMOND F. GIROUX et al., Appellants, v CLYDE SNEDE-COR et al., Respondents, et al., Defendants.—Crew III, J. Appeals (1) from an order of the Supreme Court (Conway, J.), entered November 20, 1990 in Albany County, which granted a motion by defendants Clyde Snedecor and Eleanor Snedecor to dismiss the complaint and all cross claims against them for failure to state a cause of action, and (2) from the judgment entered thereon.

Defendants Clyde Snedecor and Eleanor Snedecor (hereinafter collectively referred to as defendants) are the owners of real property in the City of Cohoes, Albany County. Defendants' property is separated from the public sidewalk by a chain link fence and a concrete strip that is approximately 18 inches wide. The concrete strip and the sidewalk are owned by defendant City of Cohoes. In 1979 the City engaged a contractor to pave the strip and in so doing the contractor erected wood framing in order to pour concrete. The framing was held together by the use of masonry nails. When the framing was removed, the masonry nails remained exposed along the concrete strip about two or three feet apart and which protruded about three inches out of the ground. Those nails were never removed. Over the years vegetation began to grow on the concrete strip which obscured the nails. For a number of years, Clyde Snedecor mowed the vegetation along the strip and would, on occasion encounter one of the nails. When he did, he would bend the nail down with his shoe. In June 1987, Snedecor was hospitalized for a heart condition. As a result, his neighbor, plaintiff Raymond F. Giroux (hereinafter plaintiff), began mowing defendants' lawn. On July 21, 1987 while plaintiff was mowing defendants' lawn, he began mowing the vegetation on the abutting strip. While doing so, he stepped on one of the masonry nails and injured himself. As a result, plaintiff and his wife commenced this personal injury action against defendants, the City and the contractor. At the trial of

the action, after opening statements were concluded, defendants moved to dismiss plaintiffs' complaint against them on the ground that they owed no legal duty to plaintiffs upon which liability could be predicated. Supreme Court granted the motion and this appeal ensued.

Although the practice of dismissing a complaint at the conclusion of the opening statement of counsel is clearly not favored, where it becomes obvious on the opening that the action cannot be maintained because it lacks a legal basis or, when taken in its strongest light, cannot succeed, the trial court has the power to dismiss the action (see, De Vito v Katsch, 157 AD2d 413, 417-418; Jurewicz v Lucarelli, 77 AD2d 751, 752).

Generally, an owner or occupier of property will not be liable solely because his property abuts public property where an injury occurs. However, the imposition of liability upon an abutting owner may occur where the defendant actually created the defective condition which caused the injury, where it is shown that the public property was constructed in a special manner for the benefit of the abutting owner, or where the abutting owner negligently constructed or repaired the public property (see, Brady v Maloney, 161 AD2d 879, 880). A review of the record on appeal reveals that plaintiffs conceded in their opening statement that defendants did not create the dangerous condition complained of. There was no claim that the concrete strip or any other structure was constructed in a special manner for the benefit of defendants as abutting property owners and plaintiffs did not claim in their pleadings or in their opening statement that defendants negligently repaired the concrete strip. Accordingly, we find that Supreme Court properly dismissed plaintiffs' complaint against defendants (see, Bentley v City of Amsterdam, 170 AD2d 725, lv denied 78 NY2d 858; Appio v City of Albany, 144 AD2d 869, 870).

Casey, J. P., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.