■ ALBERT CURTIS, Respondent, v CITY OF NEW YORK et al., Defendants, and JACK LABOZ et al., Individually and Doing Business as JARIMA ASSOCIATES, Appellants. (And a Third-Party Action.)

Plaintiff commenced this action against the defendants-appellants and the City of New York to recover for personal injuries sustained when he fell after exiting a store located in a building owned by the defendants-appellants. According to plaintiff, he fell because his heel became caught in a hole in the sidewalk abutting the store. A photograph of the location shows that there was a metal rack for newspapers to the right of the doorway of the store, and metal cartons with newspapers on them to the left of the doorway. Both appear to be adjacent to the wall of the building and extend out on to the sidewalk. The defect in the sidewalk that allegedly caused the injury appears in the sidewalk just in front of the rack located to the right of the doorway.

"It is well settled that an owner of land abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the sidewalk in a safe condition". *(Kiernan v Thompson,* 137 AD2d 957, 958.) However, an owner may be held liable where the abutting owner uses the sidewalk for a "special purpose" *(see, Kiernan v Thompson, supra,* at 958), or where the cause of the injury is the defective condition of a sidewalk appurtenance installed for the special use or benefit of the owner or occupier of the abutting premises. *(See, D'Ambrosio v City of New York,* 55 NY2d 454, 462; *Appio v City of Albany,* 144 AD2d 869, 870.) "Another relevant exception has been recognized where the activities of the abutting owner or occupier created the dangerous condition which caused the injuries" *(Appio v City of Albany, supra,* at 870). The newspaper racks adjacent to defendants' premises constituted a special use of the sidewalk for their benefit as owners of the premises, which defined the plaintiff's path and in effect directed him towards the defect in the sidewalk that caused him to fall *(cf., Ryan v Gordon L. Hayes, Inc.,* 17 NY2d 765; *Donovan v Bender,* 11 AD2d 735, *affd* 9 NY2d 854). Concur—Sullivan, J. P., Milonas, Kupferman and Asch, JJ.