Requestor: Gay H. Williams, Esq., City Attorney City of Oswego 34 East Bridge Street Oswego, N Y 13126
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the city may enact a local law amending its charter to impose tort liability on abutting land owners for failure to repair or maintain sidewalks. Additionally, you have asked how this may be accomplished. Currently your city charter provides that the city department of works is authorized to require abutting owners to construct, repair and maintain sidewalks.
The general rule is that only the municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk or to have defects and dangerous conditions in the sidewalks repaired. Roark vHunting, 24 N.Y.2d 470, 475 (1969). An abutting owner is not liable even though he fails to comply with a provision of a charter or other regulation giving him responsibility for removal of ice and snow and maintenance and repair of sidewalks. Ibid. Such a provision is merely regulatory in nature and does not impose tort liability upon an abutting owner. Ibid.; Jacques v Maratskey, 41 A.D.2d 883 (3d Dept 1973). In order for a local law to impose tort liability upon abutting property owners for injuries caused by their negligent conduct, the language of the law must not only charge the landowner with a duty but must also specifically state that if the landowner breaches the duty he will be liable to those who are injured as a result of defects in the sidewalks caused by such negligence. Kiernan v Thompson, 137 A.D.2d 957, 958 (3d Dept 1988).
As you have noted, section 11(1)(j) of the Municipal Home Rule Law provides that the legislative body of a city may not enact a local law which supersedes a State statute, if the local law transfers to abutting property owners the city's liability for failure to maintain sidewalks and gutters in a reasonably safe condition. You have indicated that you are not aware of any State statute dealing with this subject that would be superseded by a local law providing that abutting owners are liable for negligently maintained sidewalks.
Your charter currently gives the department of works authority to require abutting owners to construct, repair and maintain sidewalks. As case law indicates, this is not sufficient to transfer liability to the abutting owner for negligent maintenance of the sidewalk. It would be necessary that the city council amend the charter to provide clearly that abutting owners are to be liable for negligent construction, repair and maintenance of sidewalks. Such a local law amending the charter must be enacted in accordance with the provisions of the Municipal Home Rule Law which requires notice to the public and a public hearing.
We conclude that to make abutting property owners liable for their negligent construction, repair and maintenance of sidewalks, an amendment to the city charter must expressly so provide.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.