■ FAITH H. DUFRANE et al., Appellants, v ALYS ROBIDEAU

et al., Respondents. [626 NYS2d 292] —Peters, J. Appeals (1) from an order of the Supreme Court (Ryan, Jr., J.), entered April 13, 1994 in Franklin County, which, *inter alia,* granted defendants' cross motions for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff Faith H. Dufrane (hereinafter plaintiff) was injured when she fell on the sidewalk in front of defendant Alys Robideau's residence in the Village of Malone, Franklin County. Robideau, like other residents of her area, routinely drove her car over the sidewalk to access her driveway. It was in that area that plaintiff allegedly fell. Plaintiff and her husband initiated this action against Robideau and defendant Village of Malone alleging negligent maintenance and construction of the sidewalk. After limited discovery, plaintiffs moved for court-ordered deposition dates and defendants thereafter cross-moved for summary judgment. Supreme Court granted summary judgment and plaintiffs appeal.

Addressing first Robideau's cross motion for summary judgment, it is well settled that an abutting landowner will not be held liable for injuries on a public sidewalk *(see, Little v City of Albany,* 169 AD2d 1013; *Stewart v Town of Waterford,* 152 AD2d 837, 838; *Kiernan v Thompson,* 137 AD2d 957, 958). An exception to the prohibition against liability may be incurred "where a statute, ordinance or municipal charter specifically charges an abutting landowner with a duty to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability" *(Stewart v Town of Waterford, supra,* at 838; *see, Kiernan v Thompson, supra).*

Our review of the Malone Village Ordinance § 47-22 makes clear that such section does not impose liability upon Robideau in favor of plaintiffs and therefore such exception would not apply *(see generally, Palazzo v S.P.H.E. Real Estate,* 105 AD2d 1017). Regarding any common-law duty of care which might have been created by such statute, we find it clear that there did not exist a sufficient lapse of time to charge defendants with the duty to take protective measures *(see, Fusco v Stewart's Ice Cream Co.,* 203 AD2d 667, 668).

Noting a further "special use" exception to the prohibition against liability upon an abutting landowner *(see, Little v City of Albany, supra),* we find the record here bereft of evidence which would indicate that a special accommodation was made for Robideau's property when the sidewalk was constructed *(see, Reid v Auto Tune Ctrs.,* 202 AD2d 1047). Accordingly, we find that summary judgment was properly granted to Robideau.

As to Supreme Court's grant of the Village's cross motion for summary judgment, again we find no error. It is well settled that a village may not be subject to liability for personal injuries resulting from a defective sidewalk or from an accumulation of snow and ice on a sidewalk unless the village has received actual written notice of the dangerous condition *(see,* CPLR 9804; Village Law § 6-628; Local Laws, 1953, No. 1 of Village of Malone § 61-1). "Failure to establish that notice was given in accordance with the statute is fatal where * * * there is no proof that the town was affirmatively negligent" *(Stewart v Town of Waterford, supra,* at 839 [citation omitted]; *see, Peters v City of Kingston,* 199 AD2d 809; *Palazzo v S.P.H.E. Real Estate, supra,* at 1017).

Plaintiffs' challenge to the aforementioned written notice statute based upon the Village's alleged failure to maintain indexed records of notices received is unavailing *(see, Mollahan v Village of Port Washington N.,* 153 AD2d 881, 884, *lv denied* 76 NY2d 707). When presented with such failure, the burden shifts to the municipality to make a diligent and good-faith search of its internal records *(see, supra,* at 885). Here, through the testimony of the Village Clerk, the record is clear that a diligent effort and good-faith search of the municipality's records were made. In the absence of contrary evidence, we find that Supreme Court properly concluded that the actual notice requirement had not been abrogated. As to plaintiffs' further efforts to abrogate the applicability of the written notice statute, we find that in the absence of evidence that the public works supervisor or anyone else on behalf of the Village personally inspected the subject site or directly performed work in the area shortly before the accident, the argument predicated upon the theory of constructive notice is unavailing *(see, Kirschner v Town of Woodstock,* 146 AD2d 965, 966-967).

We further reject plaintiffs' contention that the Village caused the condition by its construction of the sidewalk or its maintenance thereof. The affidavit of Richard Lucey, a licensed professional engineer, proffered on behalf of plaintiffs, is inadmissible since there are no references to any accepted practice in the trade or any indication that either the construction or the maintenance of the sidewalk deviated from accepted standards *(see, Wessels v Service Mdse.,* 187 AD2d 837, 838; *cf., Smith v Barbaro,* 63 AD2d 804). Accordingly, we find that defendants have sustained their showing of entitlement to summary judgment as a matter of law and that plaintiff failed to come forward with evidentiary proof suffi-

cient to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557).

We reject any notion that plaintiffs' motion made pursuant to CPLR 3212 (f) could have corrected such failure since the claims made therein are speculative, particularly in light of the shortcomings noted in the affidavit of plaintiffs' expert *(see, Kennerly v Campbell Chain Co.,* 133 AD2d 669).

Accordingly, the order and judgment of Supreme Court are affirmed in their entirety.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order and judgment are affirmed, with one bill of costs.