■ CECILIA SCALICI, Appellant, v CITY OF NEW YORK, Defendant, and FOXWOOD SQUARE, LTD., Respondent. [627 NYS2d 730] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated January 6, 1994, which granted the motion of the defendant Foxwood Square, Ltd. for summary judgment dismissing the complaint insofar as asserted against it and all cross claims asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she tripped and fell on a section of sidewalk in front of premises which were owned by the defendant Foxwood Square, Ltd. (hereinafter Foxwood). It is well settled that an owner or occupier of property will not be liable to a third party solely because its property abuts a public sidewalk where an injury occurs (see, Appio v City of Albany, 144 AD2d 869; Kiernan v Thompson, 137 AD2d 957). We reject the plaintiff's contention that Foxwood could be held liable under the exception to this rule that liability may result where it is shown that the sidewalk was constructed in a special manner for the benefit of the abutting owner (see, Appio v City of Albany, supra). Contrary to the plaintiff's contention, the record does not support the conclusion that the defective section of sidewalk was dug up in order to place utility lines at the request of, or for the benefit of, Foxwood.

We also reject the plaintiff's contention that Foxwood could be held liable for its failure to maintain the sidewalk in

violation of 34 RCNY 2-02. In order for a statute, ordinance, or municipal charter to impose tort liability upon an abutting owner for injuries caused by its negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he will be liable to those who are injured *(see, Conlon v Village of Pleasantville,* 146 AD2d 736). No such language is contained in the subject ordinance. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.