■ **Monica D. Boege** et al., Respondents, v **Ulster Lighting, Inc.** et al., Appellants. [659 NYS2d 369] —Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 4, 1996 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

On October 20, 1992, plaintiff Monica D. Boege was injured after she fell on a sidewalk which abuts a retail store located at 572 Broadway in the City of Kingston, Ulster County. She commenced this action against defendant Ulster Lighting, Inc., lessee of the retail store, and defendant Gruberg Realty Company, Inc., owner of the building, claiming that they were negligent in creating and permitting a dangerous condition to exist upon the sidewalk in front of the store and failing to warn her of the condition. Defendants moved for summary judgment based upon their lack of control over the sidewalk where the fall occurred, which was denied by Supreme Court.

A sidewalk is part of a public street or highway and the duty of maintaining it is on the municipality (*see, Farnsworth v Village of Potsdam*, 228 AD2d 79, 82). It is a well-settled principle of law that liability will not be imposed upon a landowner solely by reason of it being an abutter to a public sidewalk where an injury has occurred (*see, Kormanyos v Champlain Val. Fed. Sav. & Loan Assn.*, 182 AD2d 1036; *Appio v City of Albany*, 144 AD2d 869). Liability will be imposed, however, where it is shown that the sidewalk was constructed in a special manner for the benefit of the abutting owner, when the abutting owner affirmatively caused the defect or negligently constructed or repaired the sidewalk, or where a statute, ordinance or municipal charter charges an abutting landowner with the duty to maintain and repair a public sidewalk and provides that a breach of that duty will result in liability (*see, Mackain v Pratt*, 182 AD2d 967, 968; *Stewart v Town of Waterford*, 152 AD2d 837, 838; *Kiernan v Thompson*, 137 AD2d 957, 958).

The submissions by defendants in support of summary judgment, particularly the affidavit of defendants' business manager, Ruth Samuels, establish that defendants did not construct, repair, replace or maintain the sidewalk in front of the retail store. Defendants' submissions further prove that they did not derive a special benefit from the sidewalk. The record also contains relevant provisions of the City of Kingston Charter, none of which impose an affirmative duty on abutting landowners to maintain or repair sidewalks or expressly impose tort liability upon them for injuries caused by a violation of such duty (*see, Bloch v Potter*, 204 AD2d 672).

In opposition to summary judgment, plaintiffs did not dispute any of Samuels' averments except to argue that defendants in fact owned the sidewalk and to point out that an employee sweeps and shovels the sidewalk. Plaintiffs seek to establish that defendants own the sidewalk by reference to a deed description which indicates that Gruberg's property begins "in the northeast line of Broadway" and therefore encompasses the sidewalk. We note that the unsworn letter submitted by a senior engineering aide with the City of Kingston in support of plaintiffs' surreply papers is not in evidentiary format and, accordingly, is insufficient to defeat defendants' motion for summary judgment (*see, e.g., Romatowski v Hitzig*, 227 AD2d 870, *lv dismissed, lv denied* 89 NY2d 915). In any event, regardless of its form, neither this letter, which states that the sidewalk falls within the City's right-of-way, nor the deed is sufficient to raise a question of fact because title to the land under the sidewalk is not the determinative issue (*see, Farnsworth v Village of Potsdam, supra; Stewart v Town of Waterford, supra*). Nor does defendants' occasional shoveling or sweeping the sidewalk evince an intent to maintain or control the sidewalk such that a question of fact has been raised (*see, Kormanyos v Champlain Val. Fed. Sav. & Loan Assn., supra*, at 1038). Inasmuch as there are no questions of fact, Supreme Court erred in denying defendants' motion for summary judgment (*cf., Brady v Maloney*, 161 AD2d 879).

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.