■ KAREN A. COTTY, Respondent, v DIME SAVINGS BANK OF WILLIAMSBURGH, Appellant. [703 NYS2d 755] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated March 8, 1999, which denied, as untimely, its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in denying the defendant's motion for summary judgment as untimely. CPLR 3212 (a) provides in relevant part that a court may impose a deadline after which a

party may not move for summary judgment provided that the date is no earlier than 30 days after the filing of the note of issue. The plaintiff filed the note of issue on July 31, 1998. Here, the court-imposed deadline, November 3, 1997, was nine months *before* the note of issue had been filed. The defendant's motion, served on or about September 1, 1998, was well within the outside date provided by the statute, i.e., 120 days after the filing of the note of issue (*see,* CPLR 3212 [a]). Thus, the motion was timely.

We find, upon consideration of the merits of the defendant's motion, that it should be granted. The defendant made a prima facie showing by submitting proof in admissible form that it did not own the portion of the sidewalk where the plaintiff claimed that she fell. The proof submitted by the plaintiff failed to demonstrate that the sidewalk was included within the defendant's property line (*see, Bentley v City of Amsterdam,* 170 AD2d 725). Thus, the plaintiff failed to raise an issue of fact as to ownership. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.