■ NANCY D. ISHKANIAN, Appellant, v CITY OF TROY et al., Defendants, and MARIE E. SADDLEMIRE, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Prior Jr., J.), entered May 4, 1990 in Rensselaer County, which, upon reargument, granted defendant Marie E. Saddlemire's motion for summary judgment dismissing the complaint against her.

Plaintiff tripped and fell while walking across a public sidewalk adjacent to property of defendants Marie E. Saddlemire and Harry Saddlemire* located at 260 Madison Street in the City of Troy, Rensselaer County. Plaintiff initiated suit against both the City and the Saddlemires. The City subsequently moved for summary judgment dismissing the complaint against it on the ground that it had not, as required by law, received prior written notice of any sidewalk defect and, further, that it had not affirmatively created any hazard. The motion was granted in an order not relevant to this appeal. Defendant then moved for similar relief, alleging that as an abutting landowner she was not liable since she neither controlled the sidewalk nor was it designed for any special use to benefit her.

Supreme Court conditionally denied defendant's motion pending the production of proof by plaintiff that defendant did maintain or repair the subject sidewalk. When plaintiff's papers were found to be deficient in disclosing any evidentiary proof as to defendant's involvement with the sidewalk, defendant's motion to reargue was granted and, upon reargument, the motion for summary judgment dismissing the complaint against defendant was granted. This appeal ensued.

We affirm. "It is well settled that an owner or occupier of property will not be liable solely because his property abuts a public sidewalk where an injury occurred" (Brady v Maloney, 161 AD2d 879, 880 [citations omitted]). "However, liability will be imposed where it is shown that the sidewalk was constructed in a special manner for the benefit of the abutting owner * * * when the abutting owner affirmatively caused the defect * * * or negligently constructed or repaired the sidewalk * * * or where a statute, ordinance, or municipal charter specifically charges an abutting landowner with a duty to

* Harry Saddlemire died in 1977. We hereinafter refer to Marie Saddlemire as defendant.

maintain and repair the public sidewalk and provides that a breach of that duty will result in liability" *(Stewart v Town of Waterford,* 152 AD2d 837, 838 [citations omitted]). Here, plaintiff's cause of action is premised upon allegations that defendant caused or created an unsafe condition by directing or permitting her son to place sand into the broken up area of the sidewalk. Nothing in the record, however, even hints that this was the case as defendant went no further than to admit that her son merely removed some broken pieces of the sidewalk after the accident. Accordingly, plaintiff failed to lay bare affirmative proof that the issues alleged are real and capable of being established at trial, thus rendering summary judgment the appropriate remedy.

Casey, Weiss, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.