■ RONALD F. TUTRONE et al., Respondents, v LINDA LIMONGELLO et al., Doing Business as THE LAMPLIGHT INN, Appellants, et al., Defendant. [664 NYS2d 896] —Mercure, J. Appeal from that part of an order of the Supreme Court (Dier, J.), entered November 25, 1996 in Warren County, which, *inter alia*, denied a motion by defendants Linda Limongello and

Eugene Merlino, Sr. for summary judgment dismissing the complaint against them.

On December 28, 1992 at approximately 8:00 P.M., plaintiff Ronald F. Tutrone (hereinafter plaintiff) was injured when he slipped and fell on an icy sidewalk located in front of an inn owned by defendants Linda Limongello and Eugene Merlino, Sr. (hereinafter collectively referred to as defendants) in the Town of Lake Luzerne, Warren County. The sidewalk in question was owned and maintained by defendant Town of Lake Luzerne. Following the accident, plaintiff and his wife commenced this personal injury action. Supreme Court dismissed the claim against the Town but denied defendants' motion for summary judgment dismissing the complaint against them, finding that triable issues of fact existed with respect to their alleged negligence. This appeal by defendants ensued.

"It is well settled that an owner or occupier of property will not be liable solely because his [or her] property abuts a public sidewalk where an injury occurred" (citations omitted) (*Brady v Maloney*, 161 AD2d 879, 880; *see, Hausser v Giunta*, 88 NY2d 449, 452-453; *Ishkanian v City of Troy*, 175 AD2d 464). Rather, in order for liability to be imposed upon an abutting landowner, one of the following circumstances must exist: (1) the landowner actually created the defective condition which caused the accident, (2) the sidewalk was constructed in a special manner for the benefit of the landowner, (3) the landowner negligently constructed or repaired the sidewalk, or (4) a statute or ordinance specifically charged the landowner with a duty to maintain and repair the sidewalk and imposed liability for injuries occurring as the result of the breach of that duty (*see, Hausser v Giunta, supra*, at 453; *Ishkanian v City of Troy, supra*, at 464-465; *Brady v Maloney, supra*, at 880).

Here, it is undisputed that the Town owned and maintained the sidewalk upon which plaintiff fell and there is no statute or ordinance that charged defendants with a duty to maintain or repair the sidewalk or imposed liability for injuries resulting from their failure to do so. In addition, there is no record evidence demonstrating that defendants created a dangerous condition by voluntarily undertaking to clear or to sand the sidewalk. Under the circumstances, we conclude that there is no basis for imposing liability upon the defendants and that their motion for summary judgment dismissing the complaint should have been granted (*see, Palazzo v S.P.H.E. Real Estate*, 105 AD2d 1017; *cf., Fezza v Rogers*, 167 AD2d 599, 601). In view of our disposition, we need not address defendants' contention regarding a storm in progress.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Linda Limongello and Eugene Merlino, Sr., by reversing so much thereof as denied the motion by defendants Linda Limongello and Eugene Merlino, Sr.; motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.