■ MARTIN BRAZINSKI, Appellant, v NEW YORK CHIROPRACTIC COLLEGE et al., Respondents, et al., Defendant. [725 NYS2d 457] —Rose, J. Appeal from an order of the Supreme Court (Coutant, J.), entered August 28, 2000 in Broome County, which, *inter alia*, partially denied plaintiff's motion to compel discovery.

Plaintiff commenced this chiropractic malpractice action to recover for injuries allegedly sustained as a result of treatment rendered by defendant George Birnbach at the student clinic of defendant New York Chiropractic College. Plaintiff then served a notice for discovery and inspection seeking, *inter alia*, all documents relating to an investigation done by the College into his treatment, as well as all statements concerning his treatment made by the individual defendants in connection with any proceedings held by the College's review committee, quality committee or peer review committee. After defendants declined to produce the requested documents on the ground that they constituted protected quality assurance information, plaintiff moved to compel discovery. Defendants cross-moved for, *inter alia*, a protective order based on the exemption from disclosure provided by Education Law § 6527 (3). Supreme

Court granted defendants' cross motion for a protective order as to the College's quality assurance review, but not as to statements by the individual defendants, and denied plaintiff's motion to compel disclosure by the College. Plaintiff appeals.

This appeal presents a question of whether Education Law § 6527 (3) applies to chiropractors. Plaintiff contends that although the statute did once include chiropractors and chiropractic organizations, it is no longer applicable to them because a 1977 amendment deleted all references to them (L 1977, ch 770). Having reviewed both the purpose and legislative history of Education Law § 6527 (3), we disagree.

As enacted in 1971 (L 1971, ch 987, § 2), Education Law § 6527 provided immunity from liability to a physician serving as a member of a review committee (L 1971, ch 994, § 8) and exempted the proceedings or records of a review committee from disclosure under CPLR article 31 (L 1971, ch 990, § 1). The purpose of this statute, as well as that of the comparable provisions of Public Health Law § 2805-m, is to promote the quality of health care through self-review without fear of legal repercussions by assuring confidentiality to those performing the review (*see, Katherine F. v State of New York*, 94 NY2d 200, 205; *Logue v Velez*, 92 NY2d 13, 17). Subsequent amendments added other health care providers, including chiropractors, to the list of those entitled to the statute's exemptions (*see,* L 1971, ch 995, § 1 [dentists]; L 1972, ch 501, § 1 [podiatrists]; L 1974, ch 74, § 1 [optometrists]; L 1974, ch 813, § 1 [hospital administrators]; L 1976, ch 418, § 1 [chiropractors]). Later in 1976, the Legislature again amended the statute by replacing the phrase "physician, dentist, podiatrist or optometrist or hospital administrator" with the term "individual" (L 1976, ch 726, § 1).[1] However, this was done without regard for the addition of chiropractors earlier that year, leaving a reference in the first line of the statute to both individuals and chiropractors. In 1977, the Legislature deleted every occurrence of the terms "chiropractor" and "chiropractic" from the statute (L 1977, ch 770, § 7).[2] In doing so, chiropractic organizations were deleted from the list of health care

---

1. The Bill Jacket accompanying this amendment indicated that this change to more general terminology would provide legal protection to additional health care professionals, such as nurses and physical therapists, who may be required to serve on professional review committees, but did not previously enjoy immunity (Budget Report on Bills, Bill Jacket, L 1976, ch 726).

2. The Bill Jacket indicates that chapter 770 of the Laws of 1977 would make "minor technical amendments to [Education Law § 6527 (3)]" (Budget Report on Bills, Bill Jacket, L 1977, ch 770).

organizations whose quality assurance or professional standards reviews were protected.

The purpose and legislative history of Education Law § 6527 (3) persuade us that it remains the clear intent of the Legislature to grant immunity to chiropractors performing certain quality assurance and professional standards review functions. As a technical revision, the 1977 amendment reflects an intent to make the term "individual" all inclusive of the previously enumerated professionals. Thus, chiropractors serving as members of a hospital's review committee continue to receive the protections of the statute and the amendment offers no support for plaintiff's argument that the Legislature intended a substantive change depriving chiropractic organizations of the protections previously afforded. While we recognize that generally, "omissions in a statute cannot be supplied by construction" (McKinney's Cons Laws of NY, Book 1, Statutes § 363, at 525), words obviously omitted by mistake must be supplied by this Court "to prevent inconsistency [and] unreasonableness * * * in a statute" (McKinney's Cons Laws of NY, Book 1, Statutes § 363, at 527; see, Matter of Donald MM., 231 AD2d 810, 811, lv denied 89 NY2d 804). Accordingly, we find that Supreme Court properly denied plaintiff's motion to compel discovery of documents relating to the College's quality assurance and professional standards review investigation.

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.