■ In the Matter of C. DAVID SOULE, Respondent, v ANTHONY SCALCI, as Zoning Enforcement Officer of the Village of Cooperstown, et al., Appellants. [732 NYS2d 662] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered June 28, 2000 in Otsego County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Village of Cooperstown interpreting the Village's Zoning Ordinance.

Petitioner commenced this CPLR article 78 proceeding to challenge the determination of the Zoning Board of Appeals of

the Village of Cooperstown (hereinafter ZBA) in Otsego County which interpreted the definition of a "tourist accommodation" in the Village's Zoning Ordinance as including petitioner's five-unit apartment house. A tourist accommodation, a permitted use in the zoning district where petitioner's building is located by special permit, is defined as follows: "A building intended, designed, and used as a private residence within which are rented from time to time for the overnight accommodation of guests. Includes Tourist Homes and Bed and Breakfast Establishments." After an investigation indicated that the property was occupied on a "temporary basis" in June 1999 by several different persons with out-of-State licenses on their vehicles, petitioner was found in violation of the Zoning Ordinance inasmuch as he did not have a special permit to operate a tourist accommodation. Nevertheless, Supreme Court granted the petition and, *inter alia*, declared invalid the provisions of the Zoning Ordinance concerning tourist accommodation inasmuch as a word was clearly missing from the definition, prompting this appeal.

Initially, respondents contend that Supreme Court erred in concluding that the definition of tourist accommodation in the Zoning Ordinance was defective on its face because it was missing a word or words, most likely after the phrase "within which." While it is generally true that words omitted from a statute should not be supplied by construction, where "the legislative intent is clear, an omission in an act may sometimes be considered an inadvertence and supplied by the courts, and words obviously omitted by mistake may be supplied to prevent inconsistency, unreasonableness and unconstitutionality in a statute" (McKinney's Cons Laws of NY, Book 1, Statutes § 363). In our view, the ZBA rationally concluded that the missing word in the tourist accommodation definition is "rooms," a claim clearly supported by the more detailed special permit provisions in the Zoning Ordinance describing specific limitations on the number of "rooms" that can be rented in a tourist accommodation.

While we agree with respondents' interpretation in this regard, we nevertheless conclude that Supreme Court correctly concluded that petitioner was improperly found to be in violation of the tourist accommodation provision in the Zoning Ordinance because of the absence of a special permit. Notably, it is undisputed that petitioner's apartment house is a multiple-family dwelling within the meaning of the Zoning Ordinance and is a permitted use in the zoning district. Multiple-family dwelling is defined therein as "[a] residence designed for or oc-

cupied by three or more families, living independently of one another, with separate housekeeping and cooking facilities for each." There is no evidence that petitioner rented rooms *within* his private residence in his building or rented less than a complete dwelling unit, with its separate housekeeping and cooking facilities. Petitioner apparently rented units for as short as a week, but there is nothing in the Zoning Ordinance which requires a minimum rental period for a multiple-family dwelling, although such a limitation could have easily been included by the applicable legislative body (*cf.*, *Gillen v Zoning Bd. of Appeals*, 144 AD2d 433, 435, *lv denied* 73 NY2d 709). The ZBA's conclusion that such transient rentals were in and of themselves sufficient to render petitioner's apartment house a tourist accommodation within the meaning of the Zoning Ordinance is without a rational basis given the absence of such a restriction therein. Inasmuch as the ZBA's interpretation of the tourist accommodation provisions of the Zoning Ordinance, as applying to petitioner's building, is irrational, there was no need for Supreme Court to declare the provisions facially invalid and the judgment must be modified to that extent.

Mercure, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as declared the tourist accommodation provisions of the Zoning Ordinance of the Village of Cooperstown invalid and enjoined enforcement thereof, and, as so modified, affirmed.