■ CHARLES G. SMITH, Appellant, v AUGUSTIN J. DELAGO et al., Respondents. [770 NYS2d 445]—

Peters, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 5, 2003 in Albany County, which, inter alia, granted defendants' motions for a protective order.

A complaint was made to the Department of Health (hereinafter DOH) as a result of care that plaintiff received from defendants Albany Medical College, Albany Medical Center Hospital and Albany Medical Center (hereinafter collectively referred to as Albany Med) and defendant Augustin J. Delago, his treating physician. Thereafter, in response to a Freedom of Information Law (see Public Officers Law art 6) (hereinafter FOIL) request, plaintiff acquired documents generated as a result of DOH's investigation, which included redacted interviews with Albany Med staff and DOH's independent review of the medical care provided.

After plaintiff commenced a medical malpractice action against Albany Med and Delago, they made separate motions to prohibit plaintiff's use of the FOIL documents, contending that they were confidential under Education Law § 6527 (3) and Public Health Law article 28. Plaintiff cross-moved for the production of further information to make such documents more useable. Although Supreme Court agreed that plaintiff was entitled to disclosure of the names and addresses of Albany Med employees who rendered treatment or care to him, it found the documents generated by DOH to be privileged under both Education Law § 6527 (3) and Public Health Law § 2805-m. Plaintiff appeals.

Public Health Law article 28 authorizes the Commissioner of Health "to inquire into the operation of hospitals" (Public Health Law § 2803 [1] [a]) to determine their compliance with statutes and regulations governing the quality and adequacy of patient care (see Public Health Law § 2803 [1] [b]). Hospitals have a quality assurance committee which also processes grievances (Public Health Law § 2805-j [1] [d], [e]) and reports incidents of potential malpractice (see Public Health Law § 2805-l [2] [a]); a hospital is required to cooperate with all DOH investigations or inquiries (see Public Health Law § 2803 [1] [d] [i]; [4]) and the law is clear that certain records, documentation or committee actions required to be collected and maintained will remain confidential (see Public Health Law § 2805-m [2]).

Working within these parameters, we find that plaintiff is entitled to the production of DOH's statement of deficiencies (*see* Public Health Law § 10 [2]), redacted to remove conclusions of law and the opinions of DOH (*see Cramer v Benedictine Hosp.*, 301 AD2d 924, 927 [2003]; *Maldonado v Cotter*, 256 AD2d 1073, 1074-1075 [1998]). As to the remaining documents found to be privileged under Public Health Law § 2805-m, we find no abuse of discretion (*see Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 913 [2001]). The purpose of this statutory protection is "to promote the quality of health care through self-review without fear of legal repercussions by assuring confidentiality to those performing the review" (*Brazinski v New York Chiropractic Coll.*, 284 AD2d 647, 648 [2001]; *see Logue v Velez*, 92 NY2d 13, 17-18 [1998]). In seeking such protection, Vickey Masta, vice-president of risk management of Albany Med, averred that after the complaint was lodged, Albany Med was required to and did promptly report to DOH the circumstances pertaining to plaintiff's care (*see* Public Health Law § 2805-l). Masta stated that all interviews and documents made available to DOH were in furtherance of its internal quality assurance review obligations under Public Health Law article 28. We agree with Supreme Court's determination that defendants met their burden of establishing that these documents were entitled to statutory confidentiality and affirm the order issued with the limitations noted.* We have reviewed and rejected all remaining contentions.

Cardona, P.J., Mercure and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions prohibiting the use of the redacted statement of deficiencies; motions denied to that extent and plaintiff is allowed to use said document; and, as so modified, affirmed.

---

* As the records were not obtained pursuant to CPLR article 31, there remains no need for an analysis under Education Law § 6527 (3).