■ JUDITH ELMY, Appellant, v CITY OF AMSTERDAM et al., Respondents. [807 NYS2d 490]—

Mugglin, J. Appeal from an order of the Supreme Court (Sise, J.), entered August 11, 2004 in Montgomery County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff tripped and fell while jogging on a portion of a sidewalk that fronts property owned by defendants Steven Serge and Torina Serge in the City of Amsterdam, Montgomery County. Following disclosure, defendant City of Amsterdam and the Serges made separate motions for summary judgment dismissing the complaint. Supreme Court concluded that the City had a valid prior written notice statute in effect and that plaintiff failed to show compliance with that statute. As to the Serges, the court found insufficient evidence to create a triable issue on any exception to the general rule that abutting landowners are not liable for injuries on public sidewalks. The motions were thus granted and the complaint dismissed. Plaintiff appeals.

We turn first to plaintiff's assertion that the City's purported prior written notice statute was so poorly drafted as to be unintelligible and, thus, unenforceable. The local law provides, in relevant part, as follows: "No civil action shall be brought or maintained against the City of Amsterdam for damages or injuries to person or property sustained in consequence of any . . . sidewalk . . . being defective, out of repair, unsafe, dangerous *or notice* of the defective unsafe, dangerous obstructed condition of such . . . sidewalk . . . , relating to the particular place, shall have been filed in the office of the Department of Public Works or the City Clerk's office of the City of Amsterdam, and there was a failure or neglect to repair, remedy or remove the defect within a reasonable time after the filing of the written notice" (Local Law No. 2 [1997] of City of Amsterdam § C-127 [emphasis added]). Although it is obvious that

certain words were omitted at the point where we added the emphasis, the intent of the law is nevertheless readily apparent. The specific reference at the end of the law to "filing of the written notice," when read with the rest of the law, removes any doubt that a prior written notice law was intended (*see generally* General Municipal Law § 50-e [4]). We agree with Supreme Court that, under these circumstances, the inadvertent drafting omission does not vitiate the clear purpose of this law (*see Brazinski v New York Chiropractic Coll.*, 284 AD2d 647, 649 [2001]; *Matter of Donald MM.*, 231 AD2d 810, 811-812 [1996], *lv denied* 89 NY2d 804 [1996]). Moreover, although Supreme Court erred in considering the problem with the statute to be one of grammar instead of one of omission, thus applying the wrong rule of statutory construction (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 251), the result is the same when the correct rule is applied (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 363). The latter section provides that "[w]here . . . the legislative intent is clear, an omission in an act may sometimes be considered an inadvertence and supplied by the courts, and words obviously omitted by mistake may be supplied to prevent inconsistency, unreasonableness and unconstitutionality in a statute" (*id.*).

We have previously applied this rule of construction to municipal enactments (*see Matter of Soule v Scalci*, 288 AD2d 585, 586 [2001]). Since it is undisputed that prior written notice of the allegedly defective condition of the sidewalk had not been provided to the City, summary judgment was properly granted to the City (*see Farnsworth v Village of Potsdam*, 228 AD2d 79, 81 [1997]).

Plaintiff further argues that she presented adequate evidence to raise a triable issue of potential liability as to the Serges. Generally, the owner of property abutting a public sidewalk is not liable for the condition of the sidewalk (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Boege v Ulster Light.*, 241 AD2d 600, 600 [1997]). There are certain recognized exceptions to this rule, including where the landowner negligently repairs the sidewalk (*see Hausser v Giunta, supra* at 453; *Tutrone v Limongello*, 245 AD2d 696, 697 [1997]). The only evidence submitted by plaintiff in an effort to show a triable issue regarding an exception to the general rule was her husband's affidavit stating that he had seen Steven Serge making a cement repair to the sidewalk prior to the date of the accident. However, there is no indication that the repair was done negligently, that it was done at the place where plaintiff fell, or that it otherwise was a cause of the accident. Accordingly, this statement by plaintiff's

husband was insufficient to raise a triable issue (*see Bentley v City of Amsterdam*, 170 AD2d 725, 726 [1991], *lv denied* 78 NY2d 858 [1991]).

The remaining issues raised by the parties have been considered and found either academic or meritless.

Crew III, J.P., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.