THE PEOPLE OF THE STATE OF NEW YORK ex rel. TOMMY L. JENKINS, Respondent, v RICHARD J. PISCOTTI, Sheriff of Wayne County, Appellant. [860 NYS2d 358]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), entered January 25, 2007. The judgment sustained the writ of habeas corpus and, inter alia, ordered respondent to release petitioner from his custody.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent appeals from a judgment sustaining the writ of habeas corpus and, inter alia, ordering respon-

dent to release petitioner from his custody on the ground that petitioner had not committed a parole violation. The record establishes that in January 2001 petitioner was convicted of criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1) and was sentenced to an indeterminate term of incarceration of $4^{1}/_{2}$ to 9 years. He was released on presumptive release in April 2004 but in October 2006 he was charged with operating a motor vehicle without a license. It is undisputed that the operation of a motor vehicle by petitioner without the written permission of his parole officer violated one of the conditions of his presumptive release.

County Court granted the petition pursuant to Executive Law § 259-j (3-a) upon determining that more than two years had elapsed since petitioner's release and that petitioner's release had not been revoked during that period of time. The court reasoned that, although Executive Law § 259-j (3-a) requires termination of certain sentences after two years of unrevoked "parole," that section "should not be construed to grant presumptive releasees fewer rights than parolees." The court further reasoned that Correction Law § 806 (7), which provides that "[a]ny reference to parole and conditional release in this chapter shall also be deemed to include presumptive release," should be applied to Executive Law § 259-j (3-a) because there was no indication that the Legislature intended to exclude presumptive releasees from the benefit in section 259-j (3-a) provided to individuals on parole.

We reverse. Petitioner was released from the custody of the Department of Correctional Services pursuant to the presumptive release program for nonviolent inmates (*see* Correction Law § 806 [1]), and he therefore was not on parole. Contrary to the court's determination, Correction Law § 806 (7) is not properly read in conjunction with Executive Law § 259-j (3-a) inasmuch as they were enacted at different times and do not cross-reference each other. Correction Law § 806 (7) was made effective in 2003, while Executive Law § 259-j (3-a) was made effective in 2005. Moreover, Correction Law § 806 (7) applies to any reference to parole and conditional release "in this chapter," and Executive Law § 259-j (3-a) plainly is not a part of "this chapter."

To the extent that petitioner contends that the outcome is incongruous, we agree with him that to differentiate between those individuals who were released by way of parole rather than by way of presumptive release is a technical distinction without a substantive basis. Nevertheless, we are bound by the rules of statutory construction, pursuant to which we must

" 'construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of statutes' " (*People v Hernandez*, 98 NY2d 8, 10 [2002]). Executive Law § 259-j expressly treats parolees and presumptive releasees separately, while Correction Law § 806 (7) provides that "[a]ny reference to parole and conditional release in this chapter shall also be deemed to include presumptive release" and thus expressly treats parolees, conditional releasees and presumptive releasees in the same manner. We are bound by that express language in the absence of a legislative intent to construe the statutes otherwise, and we note in particular that Executive Law § 259-j and Correction Law § 800 *et seq.* have been the subject of multiple legislative amendments in the last decade. We therefore cannot conclude that the failure to include presumptive releasees in Executive Law § 259-j (3-a) was mere inadvertence on the part of the Legislature, rendering it subject to judicial amendment "to prevent inconsistency, unreasonableness and unconstitutionality" (McKinney's Cons Laws of NY, Book 1, Statutes § 363, Comment, at 527; *see also Elmy v City of Amsterdam*, 25 AD3d 1038, 1040 [2006], *lv denied* 6 NY3d 713 [2006]). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ. [*See* 2006 NY Slip Op 30179(U).]