■ In the Matter of RSM WEST LAKE ROAD LLC et al., Respondents, v TOWN OF CANANDAIGUA ZONING BOARD OF APPEALS et al., Respondents, and AL KRAUS et al., Appellants. [865 NYS2d 172]—

Appeals from a judgment (denominated judgment and order) of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered August 3, 2007 in a proceeding pursuant to CPLR article 78. The judgment, among other things, annulled the determination of respondent Town of Canandaigua Zoning Board of Appeals that the proposed sundeck is not a dock within the meaning of the Canandaigua Lake Uniform Docking and Mooring Law.

It is hereby ordered that the judgment so appealed from is affirmed without costs.

Memorandum: Petitioners commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination of respondent Town of Canandaigua Zoning Board of Appeals (ZBA) with respect to a proposed residential community to be built on two adjacent parcels, one of which borders Canandaigua Lake. Petitioner RSM West Lake Road LLC (RSM) contracted with petitioner German Brothers Marina, Inc. (German Brothers) and a nonparty land owner to purchase property in order to build the residential community. RSM proposed to build a clubhouse on the parcel owned by German Brothers, which borders the lake. The proposal also included plans for a sundeck, docks with boat slips, a pump house and gas pumps. Although German Brothers operates a marina as a preexisting nonconforming use on its parcel, the parcel is zoned in the Residential Lake District, and the zoning officer therefore determined that RSM must apply for a special use permit to build the clubhouse. The zoning officer also determined that the proposed sundeck is a dock within the meaning of section 44-4 of the Canandaigua Lake Uniform Docking and Mooring Law (UDML); that the clubhouse is a private water oriented recreational facility within the meaning of section 105-506 (E) of the Town of Canandaigua Zoning Law (Zoning Law); and that RSM may construct docks, moorings and boat slips in accordance with the "all other land uses" category of UDML 44-4 rather than the "residential land use" category of that section of the UDML.

Respondents Al Kraus, Priscilla Herbik and Oksana Fuller (resident respondents) own property in proximity to the two parcels, and they appealed to the ZBA from the zoning officer's determination on the grounds that, inter alia, the zoning officer erred in determining that the clubhouse was a private water oriented recreational facility and that the sundeck was a dock. The ZBA determined, as a threshold matter, that it had the

authority to make determinations with respect to the UDML and that the resident respondents and respondents East Shore Association of Canandaigua Lake, Inc. and Canandaigua Lake Watershed Alliance, Inc. (association respondents) had standing to appeal from the determination of the zoning officer. The ZBA further determined that the sole purpose of the clubhouse was to enjoy the viewshed of Canandaigua Lake and that it therefore was not a private water oriented recreational facility; that the number of boat slips and docks must conform with the "residential land use" category of the UDML; and that the sundeck is not a dock within the meaning of the UDML.

As Supreme Court properly determined, the resident respondents and the association respondents (collectively, respondents) lack standing to appeal to the ZBA from the zoning officer's determination with respect to the application of the UDML because respondents are not the adjacent upland owners affected by the zoning officer's determination. Thus, although the court agreed with the ZBA that the sundeck is not a dock within the meaning of the UDML, it nevertheless properly annulled the ZBA's determination based upon respondents' lack of standing and reinstated the zoning officer's determination that the sundeck is a dock within the meaning of the UDML. The court further determined that the proposal for docks and moorings was governed by the "all other land uses" category of the UDML and therefore properly annulled the ZBA's determination that the docks and slips must be in conformance with the residential use category. The court also properly determined that the clubhouse is a private water oriented recreational facility pursuant to the Zoning Law and thus that petitioners may seek a special use permit.

Addressing first the issue of standing, we note that petitioners correctly contend that the ZBA erred in determining that, "by implication," standing must be extended to owners in proximity to the adjacent upland parcel that is affected by the zoning officer's determinations. The UDML defines an adjacent upland parcel as a "parcel of land bordering on the lakeshore of Canandaigua Lake" (UDML 44-4), and it defines an adjacent upland owner as the "person or persons having title in fee to the adjacent upland parcel" (*id.*). The UDML further provides that "[a]djacent upland owners aggrieved by the decision of the [Zoning] Officer may appeal the decision to the [ZBA]" (UDML 44-10 [A]). We disagree with the dissent that respondents are included in the class of owners that may appeal to the ZBA and, for the reasons that follow, we conclude that, pursuant to the UDML, only an adjacent upland owner whose adjacent upland

parcel is the subject of a determination by the zoning officer may appeal to the ZBA.

Town Law § 267-a (4) provides in relevant part that the ZBA has jurisdiction to review only those determinations made by an administrative official charged with enforcing a "local law adopted pursuant to this article," i.e., article 16 of the Town Law, and the UDML was enacted pursuant to the Navigation Law (*see* Navigation Law § 46-a [4] [a]). Because Town Law § 267-a (4) has a "definite meaning [that] involves no absurdity or contradiction, there is no room for construction[,] and courts have no right to add to or take away from that meaning" (*Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 91 [2008] [internal quotation marks omitted]; *see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). Thus, pursuant to the Town Law, there is no basis upon which to conclude that the ZBA has the authority to determine appeals involving the zoning officer's interpretation of the UDML.

As noted, the UDML provides that the owner of the adjacent upland parcel who is aggrieved by the determination of the zoning officer may appeal to the ZBA (*see* UDML 44-10 [A]). Here, the zoning officer's determination concerned the parcel owned by German Brothers, and thus the adjacent upland owner aggrieved by the determination of the zoning officer is German Brothers, as well as its contract vendee, RSM. "[W]e are bound by the rules of statutory construction, pursuant to which we must construe clear and unambiguous statutes as enacted and may not resort to interpretive contrivances to broaden the scope and application of statutes" (*People ex rel. Jenkins v Piscotti*, 52 AD3d 1207, 1208-1209 [2008] [internal quotation marks omitted]). Thus, the right to appeal to the ZBA is limited to *the* owner of *the* adjacent upland parcel, i.e., the parcel that is the subject of the determination, and extending the right to appeal to respondents would impermissibly broaden the scope of both the Town Law and the UDML. Respondents' recourse with respect to the determination of the zoning officer interpreting the UDML was to commence a proceeding pursuant to CPLR article 78 (*see* Town Law § 267-c [1]).

We further conclude, however, that respondents have standing to appeal to the ZBA from the zoning officer's determination that the clubhouse is a private water oriented recreational facility inasmuch as the zoning officer thereby interpreted the Zoning Law rather than the UDML (*see* Town Law § 267-c [4]). Nevertheless, we agree with the court that the ZBA's determination that the clubhouse is not a private water oriented recreational facility is arbitrary and capricious (*see generally*

*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]).

Finally, the contention of the association respondents that the zoning officer's determination should be stricken because the Town of Canandaigua's Planning Board had not yet amended the Zoning Law to set forth criteria to grant a special use permit is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski v Town of Aurora,* 202 AD2d 984, 985 [1994]).

All concur except Peradotto and Pine, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Peradotto and Pine, JJ. (dissenting in part). We respectfully dissent in part because, in our view, Supreme Court erred in determining that respondents-appellants (respondents) lack standing to appeal to respondent Town of Canandaigua Zoning Board of Appeals (ZBA) from the zoning officer's determination with respect to the application of the Canandaigua Lake Uniform Docking and Mooring Law (UDML), and that the ZBA did not have authority to review the zoning officer's interpretation of the UDML pursuant to Town Law § 267-a (4). We therefore would modify the judgment by dismissing that part of the petition seeking to annul the ZBA's determination that the proposed sundeck is not a dock within the meaning of the UDML.

Addressing first the issue of the ZBA's authority to review the zoning officer's interpretation of the UDML, we respectfully disagree with the interpretation of Town Law § 267-a (4) by the majority and its conclusion that the ZBA did not have jurisdiction to review the zoning officer's interpretation of the UDML. Town Law § 267-a (4) states that, "[u]nless otherwise provided by local law or ordinance, the jurisdiction of the board of appeals shall be appellate only and shall be limited to hearing and deciding appeals from and reviewing any order, requirement, decision, interpretation, or determination made by the administrative official charged with the enforcement of any ordinance or local law *adopted* pursuant to this article. Such appeal may be taken by any person aggrieved, or by an officer, department, board or bureau of the town" (emphasis added). The UDML was adopted by Canandaigua's Town Board in 1992 pursuant to its authority to control zoning matters within the town, as set forth in article 16 of the Town Law, and the UDML was incorporated into the Town Code of the Town of Canandaigua (Town Code) as section 44-1 *et seq.* of the Town Code. Thus, we conclude that the ZBA had the authority to review the zoning officer's determinations herein.

We agree with the majority that the language of Town Law § 267-a (4) has a definite meaning and thus that we "have no right to add to or take away from that meaning" (*Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 91 [2008] [internal quotation marks omitted]). We respectfully conclude, however, that the majority has altered the meaning of the statute in holding that the ZBA did not have the authority to review the Zoning Officer's interpretation of the UDML because it was not *enacted* by the Town Board but, rather, was *enacted* pursuant to the Navigation Law. As noted, section 267-a (4) unequivocally states that a board of appeals has authority to review the interpretation of a law that was adopted by a town, and the UDML, which is a part of the Town Code, was adopted by the Town.

Turning to the issue of standing, we note that the Town Code is internally inconsistent with respect thereto. UDML 44-10 (A) provides that "[a]djacent upland owners aggrieved by the decision of the Code Enforcement Officer may appeal the decision to the [ZBA]." Section 105-1001 of the Town of Canandaigua Zoning Law (Zoning Law), which is also part of the Town Code, states generally, however, that the ZBA "shall have all the powers and duties prescribed by" Town Law article 16, thus implicitly deferring to Town Law on the issue of standing, and Town Law § 267-a (4) provides that any aggrieved person or entity may appeal to the ZBA. "[W]here . . . the interpretation of a zoning code is irrational or unreasonable, a zoning board's determination will be annulled" (*Matter of Tartan Oil Corp. v. Bohrer*, 249 AD2d 481, 482 [1998]). Based upon the inherent conflict in the Town Code, we conclude that the ZBA's determination that respondents had standing is neither "irrational [n]or unreasonable" and thus should not be disturbed (*id.*).

Even assuming, arguendo, that the majority is correct that UDML chapter 44 is controlling on the issue of who has standing to appeal to the ZBA, we cannot accept its narrow reading of the language of the UDML. Based upon a plain reading of UDML 44-4 and 44-10 (A), the right to appeal to the ZBA is not limited to *the* adjacent upland owner(s) of *the* adjacent upland parcel in question. Rather, the UDML permits a person to appeal in the event that the person has title in fee to land bordering on the lakeshore of Canandaigua Lake and is aggrieved by the decision. Nothing in the language of section 44-10 (A) suggests that the right to appeal is limited to multiple owners of a single adjacent upland parcel. We thus conclude that respondents had standing to appeal to the ZBA.

In view of our determination with respect to standing, we turn to the merits of the issue whether the court properly

determined that the number of docks, boat slips and moorings should be governed by the "All Other Land Uses Category" within the meaning of UDML 44-4. We agree with the court that, based upon a plain reading of the definitions of "Residential Land Use Category" and "All Other Land Uses Category," the ZBA's determination that the "Residential Land Use Category" was applicable because the community development of the land would benefit neighboring residences was arbitrary and capricious (*see generally Matter of Ifrah v Utschig,* 98 NY2d 304, 307-308 [2002]; *Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle,* 18 AD3d 750 [2005]). We agree with respondents, however, that the ZBA's determination that the sundeck was prohibited was not arbitrary or capricious. There is substantial evidence in the record to support the ZBA's determination that the primary use of the sundeck was as a "view deck," and the fact that a small portion was to be used as a dock did not negate that determination (UDML 44-4, 44-5 [N]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ. [*See* 2007 NY Slip Op 31990(U) (2007).]